DOMIGAN *v.* DOMIGAN.

(Decided December 14, 1933.)

*Mr. Wendell H. Lilly,* for plaintiff.
*Messrs. Wickham & Wickham,* for defendant.

LEMERT, J. This cause comes into this court from the common pleas court of Delaware county, Ohio, upon appeal. In the court below, on the 28th day of October, 1932, the plaintiff, Fannie E. Domigan, obtained a judgment against the defendant, Horace T. Domigan, upon a cognovit note in the sum of $3,969.75. On the 14th day of January, 1933, the court of common pleas of Delaware county set aside said judgment, held the same for naught, suspended judgment theretofore rendered, and gave leave to the defendant to file his answer instanter. Thereafter the cause came on to be heard on the pleadings and the evidence and the same was submitted to the court, and upon due consideration thereof the court found on the issues joined in favor of the defendant, and that the said defendant is entitled to the specific performance of his contract, set forth in his answer; and the court further found that by the terms of the contract set forth and described in defendant's answer the note upon which the plaintiff recovered a judgment in this action was fully paid, satisfied, and discharged, that plaintiff was not entitled to recover a judgment thereon, and that said judgment was vacated, set aside, and held for naught; the court further holding and ordering that the plaintiff, within ten days from the entry of this decree, deposit said note and mortgage, duly canceled, with the clerk of this court, to be surrendered and delivered to the defendant; that the deed from Horace T. Domigan and wife, the contract of title, and the deed to Horace

T. Domigan by the heirs of Thomas Carlisle Domigan, deceased, all of which instruments were offered in evidence in this case and are now in the hands of the stenographer of this court, be deposited with the clerk of said court upon the delivery of said note, and that the said clerk of courts be hereby ordered by the court to deliver to the said Horace T. Domigan said note to Fannie E. Domigan, the said deeds, and the abstract of title, to all of which findings, orders, and judgment of the court of common pleas the said Fannie E. Domigan excepts.

During the trial of this case a certain contract was offered in evidence in the court below, as shown by the bill of exceptions, marked ''Defendant's Exhibit 2,'' of which the following is a copy:

''This Agreement made this 8th day of February, 1932, by and between Fannie E. Domigan and Horace T. Domigan, witnesseth:

''That the said Horace T. Domigan agrees to sell and convey to said Fannie E. Domigan the following real estate situated in Berkshire Township, Delaware County, Ohio, being the North half of Lot Number Five, Range 17, Township No. 4, Section 5, United States Military Lands, and bounded on the north by lands owned by Louis J. Van Uken; on the west by the public road; on the south by lands owned by J. B. Willis, and on the east by lands owned by Charles Horton, containing 45 and three quarters acres; being the same lands conveyed to Horace T. Domigan by deed recorded in Deed Book 152, page 540 by Mabel Ebersole in 1909. Said conveyance is to be by general warranty deed free and clear of incumbrances and dower except the balance on a mortgage held by the Fidelity Building Association and Loan Company of Delaware, with the interest thereon from December 24, 1931 and the taxes falling due in June, 1932 and thereafter. The said Horace T. Domigan is to pay all back taxes to and including the taxes due December 1931

and to pay the interest on said mortgage to December 24, 1931. The said Horace T. Domigan is also to clear up his present title on said premises so as to release all claims of the heirs of Thomas Carlisle Domigan and give to the said Fannie E. Domigan a marketable title to said premises subject only as above stated.

"In consideration for said premises to be conveyed as aforesaid, said Fannie E. Domigan agrees to surrender and deliver to said Horace T. Domigan a mortgage and note held by her against him for the original sum of about $2797.52, being the only mortgage held by her against him.

"Said Horace T. Domigan agrees also to furnish an abstract of title to said premises.

"This deal shall be closed on or before the first day of March, 1932.

"In Witness whereof we have hereunto set our hands to duplicate' copies hereof on the day and year first above written.

"Horace T. Domigan

"Fannie E. Domigan."

The record in this case is short, and from a careful reading of the whole of it we observe that in the court below there seem to have been two disputed facts:

1. Did plaintiff repudiate this contract before or after March 1, 1932?

The testimony on this point is conflicting. There were no corroborating witnesses. We note from the record that the defendant's wife failed or refused to corroborate defendant's testimony after postponement of the case until afternoon to hear her testimony. The defendant in this court, as in the court below, was seeking specific performance, and the burden of proof by a preponderance of the evidence fell on him. *Klunk* v. *Hocking Valley Ry. Co.*, 74 Ohio St., 125, 77 N. E., 752.

It may be well to consider the circumstances as shown by the facts in the case before us. It is plain to us from the record that the plaintiff was acting un-

der the advice of counsel from the very start. The record shows that the title to this real estate was investigated even before a written contract was drawn. It seems to us to be unreasonable to suppose that she would repudiate the contract just a few days before the expiration, knowing, no doubt, that such repudiation would make her position less secure, if not wholly indefensible.

2. Did the defendant make it clear to the plaintiff that he had a deed curing the defective title?

On this proposition the same conflict in testimony appears. Mrs. Domigan admits that she signed a certain deed. On the other hand, it was not executed, nor was it filed for record until January 31, 1933, and both plaintiff and defendant signed a contract in which defendant agreed to clear up his then present title on said premises so as to release all claims of the heirs of Thomas Carlisle Domigan and give to the said Fannie E. Domigan a marketable title to said premises. This does not indicate to our minds that the title had been cleared prior thereto. The very absence of this deed from record is sufficient to question title. In a suit for specific performance a purchaser need not accept a doubtful title. The defendant is not required to show that the title is bad. It is sufficient if the title is questionable. *Walsh* v. *Barton,* 24 Ohio St., 28; *City of Tiffin* v. *Shawhan,* 43 Ohio St., 178, 1 N. E., 581; *Kellerman* v. *Government Loan & Bldg. Co.,* 7 O. D. (N. P.), 408.

It has been held by the courts of Ohio, as far back as the case of *Hutcheson* v. *Heirs of McNutt,* 1 Ohio, 14, up to the present time, that time is of, the essence of a contract where a definite date is fixed for compliance. *Zeidman* v. *Davis,* 37 Ohio App., 418, 174 N. E., 790.

Keeping in mind that the burden of proof is on the party seeking specific performance, we notice from the record that the defendant did not offer any evi-

dence of ever approaching Mrs. Domigan. The testimony, as meager as it is, seems to revolve around what Mrs. Domigan had and had not done. No notice of the defendant doing anything appears until his answer was filed. The letter of defendant to Mrs. Domigan, under date of December 16, 1932, disproves to our minds any idea, even at that date, of standing on the contract.

The party seeking specific performance of a contract must show performance on his part.

Taking the record before us, and taking as true all that Mr. Domigan testifies to, that a formal tender was made in court on February 2, 1933, even though the deeds and abstract were then ready and perfected, we cannot see how that can now avail him anything under the terms of the contract, which provided: "This deal shall be closed on or before the 1st day of March, 1932."

In *Rummington* v. *Kelley,* 7 Ohio, pt. 2, 97, in the opinion of the court, to be found at page 101, the learned judge says:

"There is nothing in the character of contracts for the sale and purchase of lands, that places it in the power of either party to trifle with the other by violating a contract on his part, and then at his own convenience, by offering to make compensation, compel a specific performance. In courts of law, time is considered as of the essence of all contracts, and courts of equity are as much bound to see that contracts are executed as courts of law. That man who would call upon a court of equity for a specific performance, must, in the language of the books, show himself to have been *'ready, desirous, prompt and eager.'* 'If, therefore, a vendor or vendee wish to compel the other to observe a contract, he immediately makes his part of the agreement precedent; for he can not proceed against the other without an actual performance of the agreement on his part, or a tender and refusal.' "

Therefore, without going further into detail in the record before us, we are of the opinion that the defendant must fail upon his claim for specific performance, and that the plaintiff is entitled to recover against the defendant upon the note sued upon in her petition. Entry may be drawn accordingly.

*Decree for plaintiff.*

SHERICK, P. J., and MONTGOMERY, J., concur.