IN RE ESTATE OF HOGREFE.

(No. 7-84-19—Decided
March 4, 1986.)

*Spitler, Vogtsberger & Huffman* and *Rex H. Huffman,* for appellants Delores D. and Lawrence F. Hogrefe.

*Gribbell, Sunderman & Collier* and *John S. Collier,* for appellee Lisa M. Hogrefe.

GUERNSEY, P.J. This is an appeal by Lawrence F. Hogrefe and Delores D. Hogrefe, the natural parents of Keith R. Hogrefe, deceased, from a judgment of the Probate Division, Court of Common Pleas of Henry County, in an action to determine heirship brought by the appellants, determining Lisa M. Hogrefe, the appellee, to be the surviving spouse of the decedent for the purposes of R.C. 2105.06.

The appellee and the decedent were married in 1980. On May 31, 1984, they signed a separation agreement, separated on or before that date, and thereafter continued to reside separately through July 22, 1984, the date of the decedent's accidental death intestate. On June 4, 1984, they filed a petition for dissolution of their marriage, which was not heard before the decedent's death and, of course, was dismissed thereafter.

The rights, if any, of the appellee to participate in the decedent's estate as his surviving spouse are contingent upon the following pertinent provisions of the separation agreement, with strictly formal parts of the agreement being omitted:

"WHEREAS, in consequence of disputes and irreconcilable differences, Husband and Wife have heretofore separated; and

"WHEREAS, Husband and Wife desire to, by these presents, forever and completely settle and determine:

"a) the right to any and all property that each may have by virtue of said marriage; and

"b) all other benefits and privileges conferred, and all other obligations imposed on each other by virtue of their marriage relation or otherwise; and

"WHEREAS, the parties hereto have agreed between themselves on division of property of the marriage and of the property owned separately by the Husband and the Wife, in and when any divorce should be obtained by either party; and

"WHEREAS, the parties in reaching such Agreement as set forth in this instrument agree the same to be in full settlement now and forever of each and all of their respective past, present and future claims and demands upon and against the property in the estate of the other, and all the rights to any and all other benefits and privileges conferred and obligation imposed on each other by virtue of the marriage, and all other present and future claims and demands of and against the other for alimony; and

"WHEREAS, the parties desire this Agreement to cover such matters in the event a decree of divorce or dissolution be granted at any future date.

"NOW, THEREFORE, in full and complete settlement, adjudgment and compromise of all of the property rights, marital obligations and all rights arising by reason of the marriage in consideration of the agreements.

"* * *

"[Here follow separate clauses as to the rights and obligations of the parties while separated, the division of personal

property, the title to automobiles, the title to and possession of household furniture, and the fact that 'no alimony is to be paid by either party.']

"*FULL UNDERSTANDING:*

"* * *

"This Agreement is not executed in consideration of a divorce. It shall not be construed as a consent to any divorce or 'alimony only' proceeding now pending or which may hereafter be instituted.

"* * *

"INCORPORATION INTO DIVORCE, DISSOLUTION OR ALIMONY DECREE:

"If either husband or wife should institute an action for divorce, dissolution or [*sic*] marriage, or for alimony only, in this State or elsewhere, this Agreement shall be disclosed and presented to the Court in such proceeding with the request that it be adjudicated to be fair, just and proper, that this Agreement and all of its terms or provisions shall therein be adopted by said Court and embodied in and made a part of the order of said Court and the final decree entered in such proceeding.

"* * *

"[Here follows a provision as to the disposition of a mobile home and the rights of the parties as to the sale and proceeds thereof, as well as provisions for the execution of documents of title, and the signature and acknowledgment of the separation agreement.]

"* * *"

The parties stipulated that on July 11, 1984, the decedent purchased an automobile not mentioned in the separation agreement and, that as of the date of his death, title to the two motor vehicles set forth in the agreement had not been transferred, all of the personal property had not been distributed, and no provision had been made to sell the mobile home.

As their first assignment of error the appellants assert that the "decision" of the trial court is not supported by the

evidence and is against the manifest weight of the evidence, arguing that the separation agreement was binding on the parties so as to mutually release each other from claims for future care, support, maintenance, the right to dower, and the right to take a distributive share in the other's estate. The appellee asserts, in effect, that the separation agreement either did not survive the dismissal of the dissolution proceeding or did not become effective because not validated by that proceeding and, if it was effective after such proceeding, its language did not operate to waive the appellee's right to inherit from the decedent spouse.

The existing Ohio law generally applying to separation agreements in the light of the issues raised by this appeal is condensed by Judge Krenzler in *Greiner* v. *Greiner* (1979), 61 Ohio App. 2d 88, 98, 15 O.O. 3d 95, 101, 399 N.E. 2d 571, 577, in the following paragraph:

"In summary, a separation agreement is generally considered to be a valid and binding contract between the parties thereto until declared invalid or incorporated by reference into a divorce decree. However, where a separation agreement is entered into solely for the purpose of dissolution of the marriage, and the court dismisses the dissolution petition pursuant to R.C. 3105.65(A), the proposed separation agreement will never become a validated contract. A separation agreement will survive the dismissal of a dissolution petition, however, if it contains express savings language or is silent as to the agreement's duration, but the parties' conduct evidences their intention to continue to be bound by the agreement."

Although the agreement under consideration is not artfully drafted and some of the provisions might appear to be in conflict or at least ambiguous, there is nothing in conflict with, or ambiguous about, its specific provision that if either husband or wife should institute

an action for divorce, dissolution of marriage, or for alimony only, the agreement shall be disclosed and presented to the court in such proceeding with the request that it be adjudicated to be fair, just, and proper, and that it and all of its terms and provisions be adopted, embodied in, and made a part of the order or final decree in such proceeding. It is apparent from this provision alone, without recourse to any other evidence, and we agree with the trial court, that the agreement was intended to bind the parties independently of any *dissolution* proceeding as to any of the matters to which the agreement pertains. Compare *Carey* v. *Carey* (1983), 9 Ohio App. 3d 243, 9 OBR 416, 459 N.E. 2d 626, where a similar provision was held by this court to effect the survival of a separation agreement beyond the withdrawal of a petition for dissolution. Thus, we conclude that the covenants of the agreement survived the death of the decedent and the resulting dismissal of the dissolution proceeding.

But what is the effect of those covenants? The third paragraph of the agreement, hereinbefore quoted, *recites,* but does not constitute an agreement, as to the division of the property of the marriage and of separately owned property "if and when any divorce should be obtained by either party." The next paragraph constitutes an actual covenant between the parties that the separation agreement is "to be in full settlement now and forever of each and all of their respective past, present and future claims and demands upon and *against the property in the estate of the other* * * *." (Emphasis added.) This covenant is neither inconsistent with any other provision of the separation agreement nor are its words ambiguous in form or meaning. It means exactly what it says, including, specifically, that the agreement is in full settlement of the rights of each in the estate of the other. The right of a husband and wife, con-templating separation, to enter into an agreement mutually releasing each other's right to dower and distributive share in the other's property has been long recognized in Ohio. *Hoagland* v. *Hoagland* (1925), 113 Ohio St. 228, 148 N.E. 2d 585; *Meyer* v. *Meyer* (1950), 153 Ohio St. 408, 41 O.O. 415, 91 N.E. 2d 892; and *Lowman* v. *Lowman* (1956), 166 Ohio St. 1, 1 O.O. 2d 152, 139 N.E. 2d 1. Such was the agreement of the parties here, and there is no claim by the appellee surviving spouse that her agreement was not enforceable.

The first assignment of error is, therefore, well-taken and, the error being prejudicial to the appellants, the judgment must be reversed.

As their second assignment of error the appellants claim error of the trial court in finding that recitals in a separation agreement are not part of the contract of the parties.

Although the trial court did make such a declaration in its opinion, it did also recognize that if ambiguity exists in the contract language, the court would look to the recitals to construe the contract. This the trial court found unnecessary, it being its opinion that the agreement of the parties was devoid of language evidencing a waiver of claims in the estates of each other. We too do not find consideration of the recitals here as necessary to construction of the covenants for we have determined, contrary to the trial court's determination, that the cited language of the agreement clearly constitutes a waiver by each of the parties of any interest or property right in the estate of the other. Parenthetically, we should note that we do not hold that the surviving spouse is thereby denied any right she might have as a surviving spouse to property which does not come through the estate of her deceased husband, for instance, as a beneficiary of a wrongful death claim by virtue alone of her relationship of surviving spouse. However, it does not ap-

pear that the appellants were prejudiced by the trial court's conclusion as to consideration of the contract recitals and, for that reason, we find the second assignment of error not well-taken.

For the error of the trial court, first assigned, which was prejudicial to the appellants herein, the judgment of the trial court must be reversed and final judgment rendered as to the determination of heirship on the undisputed evidence, for the appellants.

*Judgment reversed.*

COLE and MILLER, JJ., concur.