OPINION
Evelyn Nealeigh appeals from the judgment of the Common Pleas Court of Darke County wherein the court denied Ms. Nealeigh's motion for relief from judgment filed pursuant to Civ.R. 60(B)(5).
The docket and journal entries reflect that Appellee, William Nealeigh, filed a complaint for divorce against Evelyn Nealeigh on November 15, 1996. In the complaint Nealeigh alleged that he and the defendant were married on August 16, 1952, and that four children were born of the marriage. William Nealeigh further alleged that the trial court had on September 26, 1996, adjudicated and finally determined the property rights and obligations of the parties pursuant to its Amended Final Judgment and Decree of Legal Separation.
On December 5, 1996, Mrs. Nealeigh answered and counterclaimed for divorce. In her answer, she denied the allegation that the Court had adjudicated and finally determined the property rights and obligation of the parties pursuant to the final decree of separation.
On September 4, 1997, the trial court granted William Nealeigh's complaint for divorce after Appellant withdrew her answer and cross-complaint. The divorce decree contained the following curious paragraph:
 The Court further finds that the parties have agreed that the Plaintiff has reserved the right to present future evidence to the Court upon the issue of the Defendant's obligation to pay support for the parties' child, Steven Nealeigh, and the Defendant has reserved the right to proceed in this case to present future evidence to the Court in support of her contention that the parties' previous Separation Agreement, entered into in Case No: 53842, should be vacated or modified by this Court. (Emphasis ours).
On November 13, 1998, Evelyn Nealeigh filed her motion to vacate the divorce decree. In a memorandum in support of the motion, she contended the trial court improperly divided a certain investment account in the amount of $152,000. Specifically, she referred to the final decree of legal separation of September 26, 1996, which provided inter alia:
 Each party shall receive one-half of the current balance in said account. However, Defendant, shall receive her share of said account by receiving from Plaintiff, one-half of any principal paid out from the account each year. Plaintiff shall have the right to retain all interest paid on said account. Any interest not paid out during any calendar year shall then be considered principal on said account. Each party shall execute any and all documents necessary to effectuate this agreement. (Emphasis ours).
In opposition to the motion, William Nealeigh attached a xerox copy of a transcript of court proceedings on April 1, 1996, wherein the court proceeded to grant the parties a decree of legal separation (Case No. Div. 53842). In the transcript, Appellant's counsel acknowledged that Appellee would have the right to retain any interest accruing on the Corning investment account. Appellant indicated for the record that she understood the parties' agreement and that the agreement was a compromise.
The following is a statement by Mrs. Nealeigh's counsel:
 Further, the parties have agreed that the amount of spousal support is based upon their estimation or understanding from Social Security that beginning in May or June of 1996 Mrs. Nealeigh will be eligible to receive approximately $432 per month in Social Security benefits. The parties further acknowledge that they are the owners of an investment plan at Corning known as the Corning, Incorporated Investment Plan. That plan has three components, a pretext (sic) 401(K), and employer matching and a post-tax eighty-six plan. The parties further acknowledge that there is currently approximately $152,000.00 in that account. Each party shall receive one-half of the current balance or one-half of $152,000 or $76,000. However, that amount will be paid out to the parties as follows: The parties understand and acknowledge that the Corning Investment Plan is paid to Mr. Nealeigh over a twenty-year period and that a percentage of the principal is paid to him on a yearly basis. One-half of the principal amount paid each year will be paid from Mr. Nealeigh to Mr. (sic) Nealeigh immediately upon him receiving the distribution from Corning. Mr. Nealeigh will have the right to retain any interest on the Corning Investment account. However, in any event, it is contemplated by the parties that Mrs. Nealeigh will receive no less than $76,000 from the Corning Investment Plan over the distributive life of the plan which, as I indicated previously, the parties expect will be for approximately eleven more years.
In overruling the motion to vacate, the trial court stated the following:
 The Court finds that the Defendant's motion for relief from judgment is not well taken. The Defendant originally entered into a Separation Agreement pursuant to which she would have gotten nothing from the investment account. That Separation Agreement included a clause which stated that if it were found to be fair and equitable it would be adopted in any action for Divorce or Legal Separation. Through her attorney she negotiated the agreement which was put on the record at the hearing in April, 1996 and incorporated into the Final Decree of Legal Separation in September, 1996. A transcript of the hearing reflects that the agreement was read into the record and counsel for both parties had the opportunity to clarify it. The Court specifically reiterated that Mr. Nealeigh was retaining all interest and ~ of the principal (page 14 of the transcript). Mrs. Nealeigh's counsel stated that while Mrs. Nealeigh was not in complete agreement she understood that she had entered into a compromise as she ran the risk of the court upholding the original separation agreement (transcript, page 15). Mrs. Nealeigh then stated that she understood the agreement (page 16). Before concluding the proceedings, the court inquired of her whether she understood that it was a compromise agreement (page 17). Under the circumstances, the Court finds that Mrs. Nealeigh understood the agreement at the time, but no longer wants to abide by that agreement. Civil Rule 60(B) was not intended to be used to re-open a case simply because a party no longer likes the agreement into which she entered. (Emphasis ours).
In her sole assignment of error, Appellant contends the trial court erred in denying her motion for relief because the Court's division of interest on the investment account was inequitable. She contends that if her former husband withdraws only the interest on the account, she will effectively be denied her marital share of the investment account., Appellee contends the trial court's judgment should be affirmed because Appellant did not appeal the final decree of legal separation filed on September 26, 1996. Appellee also argues that Appellant failed to show justifiable grounds for relief pursuant to Civ. R. 60(B), and in any event the trial court was without subject matter jurisdiction to modify the division of property pursuant to R.C.3105.171. Further, Appellee argues that Appellant understood that her husband, who is 69 years of age with no earned income, would need the interest payments from the investment account to pay her spousal support and support for their disabled son. Additionally, Appellee argues that appellant has failed to demonstrate that the trial court erred in refusing to vacate the final judgment of separation because it was the product of an agreement of the parties and was supported by adequate consideration. And finally, Appellee contends that the trial court does not have continuing jurisdiction to modify an award in the nature of a property settlement.
In contrast, Mrs. Nealeigh says the trial court's division of the Corning investment account was "inequitable" because it permitted her former husband to control the interest accruing on the Corning account.
It is fundamental that Civ. R. 60(B) relief is not available as a substitute for appeal. Elyria Tp. Bd. of Trustees v.Kerstetter (1993), 91 Ohio App.3d 599. The court divided the Corning Investment account in the final decree of separation and Appellant was legally bound to appeal the final judgment if she believed the court's judgment was inequitable. However, Appellant neither appealed the final decree of separation nor the final decree of divorce although the same "inequitable" property division appeared in both judgments.
R.C. 3105.171(B) provides:
 In divorce proceedings, the court shall, and in legal separation proceedings upon the request of either spouse, the court may, determine what constitutes marital property and what constitutes separate property. In either case, upon making such a determination, the court shall divide the marital and separate property equitably between the spouses, in accordance with this section. For purposes of this section, the court has jurisdiction over all property in which one or both spouses have an interest.
(Emphasis ours).
The trial court properly noted that relief pursuant to Civ. R. 60(B) is not intended "to be used to reopen a case simply because a party no longer likes the agreement into which she entered." The separation agreement was supported by adequate consideration, and Appellant did not allege nor demonstrate that the agreement was procured by fraud. See, Brown v. Brown (1993),90 Ohio App.3d 781. Therefore, the Appellant's assignment of error must be overruled.
In light of the preceding discussion, the judgment of the trial court will be affirmed.
GRADY, P.J. and WOLFF, J., concur.
Copies mailed to:
Scott D. Rudnick
L. Patrick Mulligan
Hon. Jonathan Hein