OPINION *Page 2 
{¶ 1} Plaintiff-appellant Lawrence E. Pastor appeals the December 28, 2006 Judgment Entry of the Fairfield County Domestic Relations Court. Defendant-appellee is Debra Ann Pastor.
 STATEMENT OF THE FACTS AND CASE {¶ 2} The parties were married on August 21, 1986, and no children were born as issue of the marriage. On May 27, 2004, appellant filed a complaint for divorce. Attached to the complaint was a separation agreement signed by both parties on May 7, 2004. The separation agreement was prepared by Appellant's attorney. Appellee was not represented by counsel.
 {¶ 3} On June 4, 2004, the court issued a notice of hearing for an uncontested divorce. Said hearing went forward on July 14, 2004. Appellant appeared with counsel, while Appellee appeared pro se. The trial court issued a Decree of Divorce on the same day.
 {¶ 4} On September 28, 2004, Appellee filed a motion for relief from judgment, pursuant to Civ. R. 60(B)(1), (2), (3), and (5). On October 15, 2004, the trial court granted Appellee's motion and declared the Judgment Entry/Decree of Divorce and Separation Agreement filed on July 14, 2004, to be null and void and of no force or effect.
 {¶ 5} On November 12, 2004, Appellant filed an appeal of the trial court's granting of Appellee's motion for relief from judgment with this Court. On December 20, 2005, this Court upheld the trial court's decision to vacate the divorce decree, but *Page 3 
remanded the matter to the trial court for an evidentiary hearing on the issue of the validity of the May 7, 2004 separation agreement.
 {¶ 6} On remand, and upon agreement of the parties, the trial court heard the matter non-orally based upon the submission by the parties of affidavits and other written documentation. On December 28, 2006, the trial court, via Judgment Entry, rendered it's decision the parties separation agreement was not fair and equitable as required by the terms of the agreement; therefore, finding the separation agreement to be null and void.
 {¶ 7} Appellant now appeals, assigning as error:
 {¶ 8} "I. THE TRIAL COURT ERRED AS A MATTER OF LAW AND ABUSED ITS DISCRETION IN VACATING THE SEPARATION AGREEMENT OF THE PARTIES ABSENT A SHOWING OF FRAUD, DURESS, OVERREACHING, UNDUE INFLUENCE OR A FACTUAL DISPUTE OVER THE EXISTENCE OF THE TERMS OF THE AGREEMENT. THE TRIAL COURT IMPROPERLY APPLIED A "FAIR AND EQUITABLE" STANDARD IN THIS MATTER.
 {¶ 9} "II. THE TRIAL COURT'S FAILURE/REFUSAL TO FOLLOW THE DECISION OF THIS COURT RENDERED IN PASTOR V. PASTOR, CASE NO. 04CA67, UPON REMAND, IS ERROR AS A MATTER OF LAW. THE LAW OF THE CASE DOCTRINE MANDATES THAT A TRIAL COURT APPLY AND FOLLOW A PRIOR DECISION OF THE COURT OF APPEALS IN THE SAME CASE."
 I II {¶ 10} Both of the assigned errors raise common and interrelated issues; therefore, we will address the arguments together. *Page 4 
 {¶ 11} Ohio Civil Rule 60(B) reads:
 {¶ 12} "On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken. A motion under this subdivision (B) does not affect the finality of a judgment or suspend its operation."
 {¶ 13} This Court's December 20, 2005 Judgment Entry states:
 {¶ 14} "We do conclude, however, that the trial court overstepped its bounds by additionally rendering the separation agreement null and void, without at least conducting a full hearing. It is well-established that separation agreements are subject to the same rules of construction as other types of contracts. Brown v. Brown (1993), 90 Ohio App.3d 781,784, 630 N.E.2d 763. Furthermore, "[n]either a change of heart nor poor legal advice is a ground to set aside a settlement agreement. A party may not unilaterally repudiate a binding settlement agreement. * * * In the absence of fraud, duress, overreaching or undue influence, or of a factual dispute over the existence of *Page 5 
terms in the agreement, the court may adopt the settlement as its judgment." (Citation omitted). Walther v. Walther (1995),102 Ohio App.3d 378, 383, 657 N.E.2d 332. Here, although the court in its discretion found sufficient grounds to vacate the divorce, it provided scant support for nullifying the entire separation agreement, as opposed to simply vacating its incorporation into the decree. We hold this level of judicial rescission of the parties' agreement requires further hearing and analysis under these circumstances."
 {¶ 15} The parties' May 27, 2004 separation agreement, provides:
 {¶ 16} "ARTICLE 7. INCORPORATION INTO DECREE
 {¶ 17} This Agreement or any amendment thereto, shall be submitted to any Court in which a Petition for Dissolution of Marriage, an action for legal separation or an action between the parties for Divorce may be pending, and, if found by the Court to be fair and equitable and approved or validated by the Court, shall be incorporated into the final Decree of said Court."
 {¶ 18} Accordingly, pursuant to the terms of the agreement the trial court could in its discretion find the separation agreement not fair and equitable, and thereby not approve or validate the same. On remand, following a hearing on the issue, the trial court, in fact, found the terms of the agreement not fair and equitable pursuant to the express language of the agreement. Therefore, the trial court did not error in granting Appellee's motion for relief from judgment pursuant to Civ. R. 60(B)(5).
 {¶ 19} Appellant's assignments of error are overruled. *Page 6 
 {¶ 20} The December 28, 2006 Judgment Entry of the Fairfield County Domestic Relations Court is affirmed.
 Farmer, J. and Edwards, J. concur *Page 7