GALLAHER DRUG CO. *v.* ROBINSON.

[Cite as Gallaher Drug Co. v. Robinson, 13 Ohio Misc. 216.]

(No. CV 2363—Decided May 10, 1965.)

Vandalia Municipal Court.

*Mr. Robert Womslay,* for plaintiff.
*Mr. Frederick O'Grady,* for defendant.

BRENTON, J.   Inasmuch as the sole defense to plaintiff's claim is duress, it is therefore apparent that more than a cursory examination of such defense is thereby made necessary.   Having made such an examination, certain significant observations are hereinafter set forth.

Duress is tantamount to compulsion which is an impulse or feeling of being irresistibly driven toward the performance of some irrational action.

There is no contract without the consent of the parties to its terms, and there is no consent when the free agency of one party is overcome; and it can be of no practical consequence whether it be overcome through fear of loss of life, or of limb, or through fear of imprisonment. The latter may be as potent as either of the others, and with some individuals more so.   No sound rule requires that the threat of either should, in all cases, be such as would operate upon persons of ordinary firmness and inspire in them a just fear.   The question in each case must be whether the person threatened was deprived of his freedom of will; and that is a question of fact, in the determination of which regard should be had to the nature of the threats, the sex, age, and condition of life of the party, and the attending circumstances.

The defendant, a young married man, having attained higher education became employed by the plaintiff as an assistant manager of one of its stores.   After eighteen months of continued employment, an audit by plaintiff indicated extreme shortages whereupon plaintiff conducted an investigation resulting in an interrogation at its main office of the manager of said store.   Said manager implicated the defendant in stealing merchandise from the plaintiff and thereupon plaintiff invited defendant to the main office where defendant was confronted with said implications following which defendant executed a paper writing admitting stealing merchandise and cash money from the store of the plaintiff, immediately after which defendant was discharged from his employment.   On the following day defendant was again invited to plaintiff's main office to discuss restitution.   Defendant voluntarily transported himself to said office where after some discussion he entered into a written agreement to pay the plaintiff the sum of

$2000.00. Defendant made payments to plaintiff totaling $741.64 and then refused to make any further payments. Plaintiff seeks recovery of the balance due and defendant seeks a dismissal of plaintiff's petition and recovery of the money paid.

Considering all the evidence and the attending circumstances the court finds that the defendant was a free agent, that he had a choice, that is, he had freedom in exercising his will in signing the written agreement or note herein sued upon by the plaintiff. The fear of some impending peril or financial injury, or the mere fact that one acts with reluctance or that a person is in a mental state of perturbation at the time of doing any act is not sufficient ground for holding that the act was done under duress.

The burden of proof was on the defendant to show by clear and convincing evidence that he was under legal duress in the execution of the note. This the defendant has failed to do.

A much more perplexing problem to the court is the validity of the contract or note upon which this law suit is predicated. The plaintiff alleged that the defendant converted to his own use merchandise and cash belonging to the plaintiff and entrusted unto defendant in the conduct of defendant's employment, the amount of which was $2000.00, that defendant promised to repay and evidenced the same by executing and delivering to plaintiff the aforesaid note.

An examination of the note, plaintiff's exhibit P-3, clearly indicates an implied contract to conceal the embezzlement or an implied agreement not to prosecute. There is no evidence whatsoever that any prosecution has ever been commenced upon the defalcation of the defendant.

Under the provision of Section 2917.36, Revised Code, plaintiff had a clear legal right to seek the return of the money and merchandise embezzled. Where one seeks the return of what he has lost through the criminal conduct of another, he does not thereby, without more, violate the provision of the aforesaid act and an agreement made pursuant to such purpose is a valid and binding obligation and is not void or voidable for illegality. To agree, expressly or impliedly, to conceal criminal conduct in con-

sideration of the payment of money is reprehensible conduct.

The court is aware that for a party to make restitution for property unlawfully taken, actuated partly or entirely by the hope that the other party will refrain from prosecuting, nor for the other to accept restitution, intending upon receiving it not to prosecute does not make out an agreement to stifle criminal proceedings.

The facts of the case now under consideration do not come clearly within the foregoing rule nor the exception provided for in the last sentence of the statute hereinbefore referred to.

The court's sympathy is with the plaintiff, however, the court upon the testimony, exhibits and all the evidence as to the conduct of the parties in the formation of the contract finds that the same is a contract to repay embezzled property in consideration of an agreement, implied in fact and in law, to conceal the embezzlement, which is tantamount to an agreement not to prosecute rendering the contract herein invalid.

By reason of the foregoing, therefore, the contract is unenforceable, thus the parties to this law suit shall be left where the court has found them and accordingly the petition and the cross-petition should be dismissed.

*Petition and cross-petition dismissed.*