[Cite as *Moats v. Howard*, 2013-Ohio-5656.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## ALLEN COUNTY

MARIANNE MOATS, ET AL.,

    PLAINTIFFS-APPELLEES,           CASE NO.  1-13-33

    v.

JOHN P. HOWARD, ET AL.,           O P I N I O N

    DEFENDANTS-APPELLANTS.

Appeal from Allen County Common Pleas Court
Trial Court No. CV2010 0897

**Judgment Affirmed**

Date of Decision:  December 23, 2013

APPEARANCES:

    *Jerry M. Johnson* for Appellants

    *Michael A. Rumer and Andrea M. Brown*  for Appellees

**PRESTON, P.J.**

{¶1} Defendants-Appellants, John Howard ("John"), in his individual capacity, and John Howard, as Executor of the Estate of Maureen Howard (collectively "Appellants"), appeal the judgment of the Court of Common Pleas of Allen County entered in favor of Plaintiffs-Appellees, Marianne ("Marianne") and Herman Moats ("Herman") (collectively "Appellees"), on Appellants' breach of contract claim. For the reasons that follow, we affirm.

{¶2} This matter arose from Appellees' buyout of Davis Glass & Mirror, Inc. ("Davis Glass") in 2003 from John and his now-deceased wife, Maureen Howard ("Maureen"). Marianne is the daughter of John and Maureen. Marianne worked for her parents' business throughout her life and, in 2003, began taking over the business with her husband, Herman. As part of the buyout, John and Maureen and Appellees executed a variety of contracts, including a "Health Insurance Coverage Contract," on June 3, 2003. This contract required Appellees to pay for and maintain John's and Maureen's health insurance coverage under Davis Glass' employee plan until September 1, 2012. (P's Ex. 6).

{¶3} In March 2006, the parties met regarding Appellees' continued provision of health insurance for Appellants through Davis Glass. What occurred during this meeting was disputed by the parties, but beginning in April 2006, after

this meeting, John began reimbursing Davis Glass for the health insurance premiums Davis Glass paid on behalf of John and Maureen.

{¶4} On September 10, 2010, Appellees filed a complaint against a variety of parties, including John and Maureen in their individual capacities. (Doc. No. 1). The complaint alleged the following claims: Claim I for breach of contract arising from John and Maureen's purported failure to pay the necessary amount for stock and real estate purchases; Claim II for bad faith/fraud/misrepresentation; Claim III for breach of implied contracts/promissory estoppel; Claim IV for specific performance of the parties' agreements; and, Claim V for breach of contract arising from the purported failure of John to provide consulting services in return for Appellees' payment of John's and Maureen's health insurance premiums. (*Id.*).

{¶5} On November 15, 2010, the original defendants named in the lawsuit filed a motion for a more definite statement of Claim II. (Doc. No. 10). On November 18, 2010, the trial court granted the motion and required Appellees to file an amended statement of Claim II. (Doc. No. 12). Appellees complied with this order and filed an amended complaint on February 23, 2011. (Doc. No. 19).

{¶6} On December 20, 2010, Appellees filed a suggestion of death notice informing the trial court that Maureen died in November 2010. (Doc. No. 15). As

a result of the death, the trial court ordered that John Howard, as executor of the estate of Maureen Howard, be substituted for Maureen as a party. (Doc. No. 38)

**{¶7}** Appellants, with leave of court, filed their counterclaim on November 14, 2011, claiming that Appellees breached the health insurance contract by failing to make the necessary payments after March 2006. (Doc. No. 40). The counterclaim asserted two separate counts. (*Id.*). Count I requested specific performance of the contract while Count II requested money damages for Appellees' purported breach. (*Id.*).

**{¶8}** On September 25, 2012, the trial court filed a "Judgment Entry on Partial Settlement." (Doc. No. 73). The settlement agreement disposed of all the parties' claims except for the following: (1) Appellees' Claim II; (2) Appellees' Claim V; and, (3) Appellants' Count II. The matter proceeded to a bench trial on October 19, 2012.

**{¶9}** On November 13, 2012, the trial court issued a "Decision, Verdict and Judgment Entry." (Doc. No. 78). The trial court determined that Appellees agreed to provide Appellants health insurance "as employees," not as "retirees" under the employer-provided health plan. (*Id.*). It further determined that John never agreed to consult for the corporation in exchange for the health insurance, and that the parties intended the corporation, not Marianne and Herman individually, be responsible for providing John and Maureen health insurance.

-4-

(*Id.*). The trial court concluded that, when the parties met in 2006 regarding Davis Glass' continued provision of health insurance for John and Maureen, the parties entered into an implied-in-fact contract whereby Davis Glass would continue to provide John and Maureen health insurance but John would reimburse Davis Glass for the premiums. (*Id.*). Under the heading "Verdict & Judgment," the trial court stated:

> Therefore, it is ORDERED, ADJUDGED, and DECREED that:
> 1.    Judgment is hereby rendered against [Appellees] on the Second Claim; and
> 2.    Judgment in [sic] entered against [Appellants] on their counterclaim; and
> 3.    Judgment is entered that the parties shall split the court costs equally. Judgment is entered against [Appellees] for ½ of the costs and against [Appellants] for ½ of the costs.

(*Id.*).

{¶10} On December 11, 2012, Appellants filed a notice of appeal, which was assigned appellate case no. 1-12-57. (Doc. No. 80). On June 18, 2013, this Court determined that the trial court's November 13th entry was non-final because the entry failed to state the disposition of Appellees' Claim V and dismissed the appeal for lack of jurisdiction. *Moats, et al. v. Howard, et al.*, 3d Dist. Allen No. 1-12-57. (Doc. No. 85).

{¶11} On June 19, 2013, Appellees filed a notice of voluntary dismissal of Claim V pursuant to Civ.R. 41(A)(1). (Doc. No. 86).

{¶12} On July 10, 2013, the trial court filed sua sponte an amended judgment entry disposing of Appellees' second and fifth claims, as well as Appellants' counterclaim. (Doc. No. 87).

{¶13} On July 12, 2013, Appellants filed a notice of appeal, which was assigned appellate case no. 1-13-33, and is presently before the Court. (Doc. No. 88). Appellants raise the same three assignments of error they raised in their prior appeal that this Court dismissed. To facilitate our analysis, we consider Appellants' second assignment of error first.

### Assignment of Error No. II

**The trial court erred in finding that there was a [sic] mutual consent to a modification of the parties [sic] health insurance contract when the evidence presented established duress on the part of Appellants.**

{¶14} In their second assignment of error, Appellants argue that their payments to Davis Glass as reimbursement for their health insurance beginning in April 2006 should not be considered as evidence of their consent to modifying the terms of the health insurance agreement, because their reimbursement payments were the result of economic duress due to Maureen's terminal illness and health-related expenses.

{¶15} "To avoid a contract on the basis of duress, a party must prove coercion by the other party to the contract. It is not enough to show that one assented merely because of difficult circumstances that are not the fault of the

other party." *Blodgett v. Blodgett*, 49 Ohio St.3d 243, 246 (1990). *See also, Betts v. Betts*, 3d Dist. Hancock No. 5-12-33, 2013-Ohio-1938, ¶ 11. The economic duress in this case was directly attributable to Maureen's deteriorating health, which cannot be said to be the fault of the Appellees. Therefore, the duress Appellants felt was compelling their consent to reimburse Davis Glass for their insurance premiums—while "duress" in the colloquial sense of the term—was not duress in the legal sense of the term that would prohibit the trial court from finding a modification of the parties' agreement. There is also no evidence of coercion in this case.

{¶16} Appellants' second assignment of error is, therefore, overruled.

**Assignment of Error No. I**

**The trial court abused its discretion when it disallowed the rebuttal testimony of appellants' witness Michael Mulholland as to the decedent's lack of consent to the purported modification of the health insurance contract based upon neither party filing a witness list, plaintiff was allowed to call witnesses who were not parties to the action, and plaintiff did not inquire as to appellants' planned witnesses in discovery.**

{¶17} In their first assignment of error, appellants argue that the trial court abused its discretion by failing to allow the testimony of Michael Mulholland who would have testified to conversations he had with his sister, Maureen Howard, regarding her lack of agreement to the modification of the health insurance

contract and the duress Maureen was under to make the reimbursement payments to Davis Glass in order to maintain her health insurance.

{¶18} "A party has an unconditional right to present rebuttal testimony on matters which are first addressed in an opponent's case-in-chief and should not be brought in the rebutting party's case-in-chief." *Phung v. Waste Mgt., Inc.*, 71 Ohio St.3d 408, 410 (1994). The proper scope of rebuttal testimony, however, lies within the sound discretion of the trial court. *See State v. Vails*, 22 Ohio St.2d 103, 105-106 (1970); *O'Brien v. Angley*, 63 Ohio St.2d 159, 164-165 (1980). Thus, a trial court's decision regarding the scope of rebuttal testimony will not be reversed unless the trial court's decision was unreasonable, arbitrary, or unconscionable. *State v. Finnerty*, 45 Ohio St.3d 104, 108 (1989); *Klem v. Consol. Rail Corp.*, 191 Ohio App.3d 690, 2010-Ohio-3330, ¶ 84 (6th Dist.). "Even in the event of an abuse of discretion, a judgment will not be disturbed unless the abuse affected the substantial rights of the adverse party or is inconsistent with substantial justice." *Beard v. Meridia Huron Hosp.*, 106 Ohio St.3d 237, 2005-Ohio-4787, ¶ 20; *Angley* at 164-165.

{¶19} In this case, Appellants sought to introduce the testimony of Mulholland, Maureen's brother, who would testify that: Maureen was bitter about Appellees dropping her and her husband from health insurance; Appellees agreed to provide them health insurance; Appellees had given them no good reason to

drop the insurance; and, Appellants had no choice but to pay for the health insurance themselves because Maureen was terminally ill. (Oct. 19, 2012 Tr. at 135-137). The trial court excluded this testimony because the Howards failed to disclose this witness prior to trial pursuant to its April 23, 2012 order (Doc. No. 55), and the witness' name never appeared in any documents filed in the case. (Oct. 19, 2012 Tr. at 134-135).

{¶20} Whether testimony results in a surprise at trial is a matter left to the sound discretion of the trial court. *Pang v. Minch*, 53 Ohio St.3d 186, 194 (1990). We cannot conclude that the trial court abused its discretion by finding that Mulholland's testimony would be a surprise to Appellees. Aside from that, we are not persuaded that Appellants suffered prejudice in this case even assuming that Mulholland's testimony qualified as rebuttal testimony. Much of Mulholland's proffered testimony was cumulative of John's testimony. The proffered testimony was also not relevant for legal duress, because the "duress" alleged by Appellants was not attributable to Appellees but due to Maureen's difficult life circumstances. Finally, the proffered testimony did not fall under Evid.R. 804(B)(5)(c) for purposes of rebutting Ex. 21—a letter Maureen wrote to her accountant informing the accountant that Appellants would be paying Appellees for health insurance through the company—because Maureen was the author of the exhibit, and

Maureen was not an "adverse party" as required under the rule. (Oct. 19, 2012 Tr. at 62). *See Eberly v. A-P Controls, Inc.*, 61 Ohio St.3d 27, 32 (1991).

{¶21} Appellants' first assignment of error is, therefore, overruled.

### Assignment of Error No. III

**The trial court erred in finding that there was sufficient consideration to modify the parties' health insurance contract.**

{¶22} In their third assignment of error, appellants argue that the trial court erred in finding a modification of the health insurance contract because there was insufficient consideration. In particular, appellants argue that there was no evidence of any additional promises, detriments, or other consideration given by Appellees to modify the health insurance agreement whereby Appellants would reimburse Davis Glass for the premiums paid on Appellants' behalf.

{¶23} Generally, to alter or modify the terms of a prior written contract, a verbal agreement must be a valid and binding contract of itself, resting upon some new and distinct consideration. *Thurston v. Ludwig*, 6 Ohio St. 1, 6 (1856). However, there are some limited cases "where a written contract may be altered or modified by a mere verbal agreement of the parties, which, at its inception, or as a mere executory agreement, would have no binding effect, yet by being acted upon by the parties until it would work a fraud or injury to refuse to carry it out, becomes binding and effectual as a contract." *Id.*

{¶24} Whether a contract is supported by consideration, is a question of law, and therefore, reviewed on appeal de novo. *Carter v. New Buckeye Redevelopment Corp.*, 8th Dist. Cuyahoga No. 72501, 1998 WL 158855, *5 (Apr. 2, 1998).

{¶25} Initially, we reject appellants' assertion that an oral modification is prohibited in this case by virtue of the health insurance agreement. The health insurance agreement, unlike the underlying "lease" (buyout) agreement, did not contain any language prohibiting oral modifications. (P's Exs. 2, 6). We are also not persuaded by Appellee's argument that the rule in *Software Clearing House, Inc. v. Intrak, Inc.*, removing the requirement of consideration, applies, because the line of cases from which *Software* stems cites R.C. 1302.12, governing the sale of goods, and the agreements herein are not for the sale of goods. 66 Ohio App.3d 163, 172 (1st Dist.1990); *Bahner v. Jordan*, 4th Dist. Scioto No. 95CA2331, 1996 WL 17240, *2 (Jan. 12, 1996).

{¶26} Nevertheless, we conclude that this particular case falls under the narrow rule articulated in *Thurston* where the failure to find an agreement unenforceable for lack of consideration—here, a modified agreement—would result in an injury to Appellees who have acted upon the agreement as modified for several years. In this case, the parties met in March 2006 and modified the agreement concerning the health insurance premiums whereby Appellants would

reimburse Davis Glass for the cost of their health insurance premiums. Appellants never disputed that the agreement was modified; rather, they asserted that their consent to the modified agreement was the result of coercion or duress. The parties continued under this modified agreement, forbearing litigation regarding their disagreements concerning other terms of the agreement, for several years. To find the modification unenforceable defies the several-year practice of the parties and denies substantial justice. Therefore, we are not persuaded that the trial court erred in finding that the agreement was modified by the parties herein despite the apparent lack of consideration.

{¶27} Appellants' third assignment of error is, therefore, overruled.

{¶28} Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgment of the trial court.

*Judgment Affirmed*

**WILLAMOWSKI and ROGERS, J.J., concur.**

**/jlr**